UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __25-MJ-2789-LETT__

FILED BY ___TS___ D.C.

Apr 17, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN RE SEALED COMPLAINT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:  */s/ Michael D. Porter*
**MICHAEL D. PORTER**
Assistant United States Attorney
Florida Bar No. 0031149
101 S. U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel: (772) 293-0950
Email: michael.porter2@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 25-MJ-2789-LETT |
| OLEKSANDR GORBUNENKO, | ) |
| | ) |
| | ) |
| *Defendant.* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ~~April 10, 2025~~ October 14, 2023 in the county of Miami-Dade in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Fraud and Misuse of Visas, Permits, and Other Documents. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Igor Demidoff, Special Agent, HSI
*Printed name and title* Badge # 10553

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone

Date: April 17, 2025

*Judge's signature*

City and state: Miami, Florida    Honorable Enjoliqué A. Lett, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Igor Demidoff, being first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with Homeland Security Investigations ("HSI") and have been employed with HSI since May 2023. During my time with HSI, I have investigated federal criminal violations. My current duties at HSI include a variety of challenging criminal and civil investigations involving national security threats, public safety, drugs, smuggling, child exploitation, human trafficking, illegal arms export, financial crimes, commercial trade and immigration fraud, and I have participated in numerous investigations.

2. Prior to my employment with HSI, I was employed with the Unites States Customs and Border Protection ("CBP") since January of 2020. During my time with CBP, I held the positions of officer and certified emergency medical technician. As part of my duties with CBP, I was an integral part in investigations related to violations of federal laws including but not limited to, illegal importation and exportation, contraband smuggling/trafficking, organized criminal, illicit cross border activity, and violations of U.S. immigration laws.

3. As a Special Agent with HSI, I have received formal training on the aforementioned investigations at the HSI Special Agent Training Program, held at the Federal Law Enforcement Training Center.

4. During my employment with HSI, I have participated in various investigations responsible for identifying, locating, and arresting individuals who violate U.S. immigration laws, physical and electronic surveillance, execution of search and arrest warrants, and evidence handling. I am currently assigned to the HSI Fort Pierce, Florida, the Resident Agent in Charge Office, and regularly collaborate with various federal, state, and local law enforcement agencies,

1

which work together in a cooperative relationship to further the investigations of criminal violations of federal and local laws, including those focused on enforcing U.S. immigration laws.

5. I have nearly nine years of combined service in the United States Army and United States Army Reserve, serving both as an enlisted soldier and a commissioned officer. I currently hold the rank of 1st Lieutenant. As a Counter-Intelligence Officer, I am assigned to the United States Central Command, Army Reserve Element, Detachment 10, located at MacDill Air Force Base, Tampa, Florida.

6. This affidavit sets forth probable cause to believe Oleksandr **GORBUNENKO**, a citizen of Ukraine who currently holds Temporary Protected Status ("TPS")[1] in the United States, violated Title 18, United States Code, Section 1546(a), by willfully and knowingly making a false statement in any application, affidavit, or other document required by the immigration laws of the United States or regulations prescribed thereunder, and presenting such application, affidavit, or other document knowing that it contained such false statement.

7. This affidavit does not include every fact known to me but rather contains sufficient facts to establish probable cause to support the attached criminal complaint and arrest warrant. The facts herein are based on personal observations as well as information provided to me by other law enforcement officers.

## PROBABLE CAUSE

8. In March 2023, the National Anti-Corruption Bureau of Ukraine ("NABU") charged **GORBUNENKO** with the following crimes, which are alleged to have been committed

---

[1] Temporary protected status is given by the United States to eligible nationals of designated countries, as determined by the Secretary of Homeland Security. The Secretary of Homeland Security may grant temporary protected status to people already present in the United States, who are nationals of a country experiencing ongoing armed conflict, an environmental disaster, or any temporary or extraordinary conditions.

2

in Ukraine between 2019 – 2022, when **GORBUNENKO** was the Director of Agro Gas Trading, LLC, a Ukraine based company: (1) participation in a criminal organization, in violation of Part 2 of Article 255 of the Criminal Code of Ukraine; (2) abuse of office in violation of Part 5 of Article 27, and Part 4 of Article 28 - Part 2 of Article 364 of the Criminal Code of Ukraine; (3) accomplice in embezzlement in violation of Part 5 of Article 27, Part 4 of Article 28 - Part 5 of Article 191 of the Criminal Code of Ukraine; (4) accomplice in legalization of the proceeds of crime in a particularly large amount in violation of Part 5 of Article 27, Part 4 of Article 28 - Part 3 of Article 209 of the Criminal Code of Ukraine.

9. **GORBUNENKO** has an outstanding warrant for his arrest in Ukraine based on the above-referenced charges.

10. On or about March 22, 2023, **GORBUNENKO** received written notification from NABU of these charges, and **GORBUNENKO** responded to NABU in writing, acknowledging that he was aware of the pending charges against him. These communications took place via e-mail.

11. On October 14, 2023, **GORBUNENKO** submitted an electronic Application for Temporary Protected Status to the United States Immigration and Naturalization Service ("USCIS") on Form I-821.[2] Question 15B on the Application for Temporary Protected Status **GORBUNENKO** submitted to USCIS asked:

> Have you **EVER, whether in the United States or any other country** been . . . [c]ited, charged, or indicted, for breaking or violating any law or ordinance, excluding minor traffic violations?

12. **GORBUNENKO** responded "No" to this question.

---

[2] Form I-821 is the form used by noncitizens to apply for TPS.

3

13. Prior to submitting his Application for Temporary Protected Status to USCIS, **GORBUNENKO** certified,

> [U]nder penalty of perjury, that [he] provided or authorized all of the information in [his] application, [and] understood all of the information contained in, and submitted with, [his] application, and that all of the information [was] complete true and correct.

14. In September 2024, NABU notified HSI that **GORBUNENKO** was a suspect in a criminal investigation related to financial crimes that took place in Ukraine, and that **GORBUNENKO** might be residing in the Southern District of Florida.

15. On October 3, 2024, I located and interviewed **GORBUNENKO** in Miami, Florida. HSI Special Agent Michel Jarel was also present for the interview.

16. **GORBUNENKO** stated, among other things, that he had been in the United States since February 16, 2022. **GORBUNENKO** claimed he had Temporary Protected Status, which granted him the right to be present in the United States. **GORBUNENKO** advised that his initial TPS had expired, and that he reapplied for re-registration in October 2023, and that his application for re-registration was still pending adjudication.

17. **GORBUNENKO** admitted that he personally completed and submitted an electronic Application for Temporary Protected Status to USCIS on October 14, 2023. **GORBUNENKO** also acknowledged that he had been charged with financial crimes by NABU in Ukraine, and confirmed that he received written notice of the charges against him on or about March 22, 2023.

18. On February 24, 2025, I contacted USCIS. USCIS advised me that the Application for Temporary Protected Status **GORBUNENKO** filed on October 14, 2023, was submitted via a USCIS Online Account titled "GORBUNENKO", which was accessed from IP address 23.245.73.1, based out of Aventura, Florida, which is located in the Southern District of Florida.

4

**GORBUNENKO**'s current address of record is 3135 NE 184th St., Apt 2104, Aventura, Florida, 33160.

19. Based on the foregoing facts, I respectfully submit there is probable cause to believe **GORBUNENKO**, under the penalty of perjury, willfully and knowingly made a false statement in any application, affidavit, or other document required by the immigration laws of the United States or regulations prescribed thereunder, and presented such application, affidavit, or other document knowing that it contained such false statement, in violation of Title 18, United States Code, Section 1546(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
IGOR DEMIDOFF
SPECIAL AGENT Badge # 10553
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
by Telephone this <u>17th</u> day of April 2025.

_____
HONORABLE ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

5