UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-MJ-02789-EAL

UNITED STATES OF AMERICA

v.

OLEKSANDR GORBUNENKO,

                  Defendant.
_____/

**UNITED STATES' FACTUAL PROFFER AND MEMORANDUM OF LAW
IN SUPPORT OF REQUEST FOR DETENTION**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits its factual proffer and memorandum of law in support of its request to detain the defendant, Oleksandr Gorbunenko ("Gorbunenko"), pending his trial in the above-referenced matter.

**BACKGROUND**

On April 17, 2025, the United States charged Gorbunenko, by way of a Criminal Complaint, with making a false statement in an immigration document, in violation of 18 U.S.C. § 1546(a) [ECF No. 3].

Gorbunenko faces a statutory maximum term of 15 years' imprisonment, and a maximum fine of $250,000, if convicted of the offense charged in the Criminal Complaint.

On April 18, 2025, Gorbunenko had his initial appearance on the Criminal Complaint, at which time the United States requested pretrial detention based on risk of flight [ECF No. 8]. Gorbunenko's detention hearing is scheduled for April 23, 2025 [ECF No. 9].

1

## STANDARD OF REVIEW

Under the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence," 18 U.S.C. § 3142(f)(2), while detention based on risk of flight must be proven by a preponderance of the evidence. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

In determining whether the government has met its burden, the court must consider certain factors, including:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## FACTUAL PROFFER

The United States submits the following factual proffer in support of its request that Gorbunenko be detained pending his trial:

Gorbunenko is a Ukrainian national. Gorbunenko is not a United States citizen or lawful permanent resident. Gorbunenko last entered the United States on or about February 15, 2022, on a B-2 tourism visa.

On April 26, 2022, Gorbunenko submitted an Application for Temporary Protected Status ("TPS")[1] to the United States Citizenship and Immigration Services ("USCIS") on Form I-821, which was granted. Gorbunenko's initial TPS was valid until October 19, 2023.

In March 2023, the National Anti-Corruption Bureau of Ukraine ("NABU") notified Gorbunenko that he was accused of committing the following crimes, which took place in Ukraine between 2019 – 2022, when Gorbunenko was the Director of Agro Gas Trading, LLC, a Ukrainian company headquartered in Kyiv: (1) participation in a criminal organization, in violation of Part 2 of Article 255 of the Criminal Code of Ukraine; (2) abuse of office in violation of Part 5 of Article 27, and Part 4 of Article 28 - Part 2 of Article 364 of the Criminal Code of Ukraine; (3) accomplice in embezzlement in violation of Part 5 of Article 27, Part 4 of Article 28 - Part 5 of Article 191 of the Criminal Code of Ukraine; and (4) accomplice in legalization of the proceeds of crime in a particularly large amount in violation of Part 5 of Article 27, Part 4 of Article 28 - Part 3 of Article

---

[1] Temporary protected status is given by the United States to eligible nationals of designated countries, as determined by the Secretary of Homeland Security. The Secretary of Homeland Security may grant temporary protected status to people already present in the United States, who are nationals of a country experiencing ongoing armed conflict, an environmental disaster, or any temporary or extraordinary conditions. Ukraine was designated for TPS on April 19, 2022. TPS is not permanent, and TPS recipients are required to re-register for TPS benefits during periodic re-registration periods (approximately every six to eighteen months).

209 of the Criminal Code of Ukraine.

On or about March 22, 2023, Gorbunenko received written notification from NABU of these allegations, and Gorbunenko responded to NABU in writing, acknowledging that he was aware of the allegations against him. For his part, Gorbunenko denied that he committed the offenses alleged by NABU. These communications took place via e-mail.

On April 19, 2023, the High Anti-Corruption Court of Ukraine issued a decree finding that reasonable suspicion existed that Gorbunenko committed the offenses alleged by NABU. The High Anti-Corruption Court of Ukraine also ordered that Gorbunenko be detained pending further proceedings. This decree was issued following a hearing, during which Gorbunenko was represented by legal counsel. Gorbunenko has an outstanding warrant for his arrest in Ukraine. Ukraine has requested a Red Notice from Interpol but the request is still pending.

On October 14, 2023, Gorbunenko attempted to renew his TPS. Specifically, Gorbunenko submitted an electronic Application for Temporary Protected Status to USCIS on Form I-821. Question 15B on the Application for Temporary Protected Status Gorbunenko submitted to USCIS asked:

> Have you **EVER, whether in the United States or any other country** been . . . [c]ited, charged, or indicted, for breaking or violating any law or ordinance, excluding minor traffic violations?

Gorbunenko responded "No" to this question.

Prior to submitting his Application for Temporary Protected Status to USCIS, Gorbunenko certified:

> [U]nder penalty of perjury, that [he] provided or authorized all of the information in [his] application, [and] understood all of the information contained in, and submitted with, [his] application, and that all of the information [was] complete true and correct.[2]

In September 2024, NABU notified Homeland Security Investigations ("HSI") that Gorbunenko was a suspect in a criminal investigation related to financial crimes that took place in Ukraine, and that Gorbunenko might be residing in the Southern District of Florida.

On October 3, 2024, HSI Special Agent Demidoff located and interviewed Gorbunenko in Miami. Gorbunenko stated, among other things, that he had been in the United States since February 16, 2022. Gorbunenko claimed he had Temporary Protected Status, which granted him the right to be present in the United States. Gorbunenko advised that his initial TPS had expired, and that he applied for re-registration in October 2023. Gorbunenko believed his application for re-registration was still pending adjudication.

Gorbunenko admitted that he personally completed and submitted an electronic Application for Temporary Protected Status to USCIS on October 14, 2023. Gorbunenko also acknowledged that he has aware of the pending charges against him in Ukraine.

On April 11, 2025, USCIS notified Gorbunenko in writing that it was withdrawing his TPS, and denying the Application for Temporary Protected Status he submitted on October 14, 2023. USCIS advised Gorbunenko that he had thirty days to respond to the notice, after which a final decision on his TPS eligibility will be made. The notice also advised Gorbunenko that his TPS was being withdrawn based on the false statements he made in the Application for Temporary Protected Status he submitted on October 14, 2023.

---

[2] On the same date, Gorbunenko also submitted an Application for Employment Authorization on Form I-765, which contained the same false statement and certification.

On April 16, 2025, HSI lodged an immigration detainer against Gorbunenko.

On April 17, 2025, HSI arrested Gorbunenko at the Miami International Airport, *as he was attempting to board a flight to Dubai*.  Agent Demidoff advised Gorbunenko of his *Miranda* Rights, and Gorbunenko agreed to speak with law enforcement.  Gorbunenko told Agent Demidoff that he booked a flight to Dubai right after he received notification from USCIS that his TPS was being withdrawn.  Gorbunenko stated that he reviewed the notice from USCIS, and that the information contained in the notice was accurate.  Gorbunenko claimed he decided to fly to Dubai so that he could reenter the United States on his B-2 tourism visa, but was unsure if the plan would work.  Gorbunenko advised that he also intended to meet with a former associate, Volodymyr Kolot, in Dubai.  Gorbunenko explained that Kolot recently asked him to travel to Dubai as soon as possible to discuss "a sensitive and urgent matter."  Kolot is charged as part of the same conspiracy as Gorbunenko in Ukraine, and has an outstanding warrant for his arrest in Ukraine.

In summary, Gorbunenko is not a United States citizen or lawful permanent resident. Gorbunenko has pending criminal charges in Ukraine for various corruption-related financial crimes, which he has been aware of since at least March 2023.  At this juncture, Gorbunenko's ability to remain in the United States appears to derive solely from his Temporary Protected Status. On April 11, 2025, USCIS notified Gorbunenko that it was withdrawing his Temporary Protected Status, and denying his pending Application for Temporary Protected Status.  Shortly after learning of this information, Gorbunenko booked a flight to Dubai, a country from which he cannot be extradited to Ukraine.  On April 16, 2025, HSI lodged an immigration detainer against

Gorbunenko.³ On April 17, 2025, Gorbunenko was arrested at the Miami International Airport, as he was attempting to board a flight to Dubai, where he intended to meet with one of his alleged co-conspirators, Volodymyr Kolot, who also has an active warrant for his arrest from Ukraine.

## CONCLUSION

Based on the foregoing, the United States respectfully submits there is no condition or combination of conditions that will reasonably assure Gorbunenko's appearance as required.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:  **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

---

³ The existence of an immigration detainer is a non-dispositive factor that may be relevant to risk of non-appearance. *See, e.g., United States v. Al'Saqqa*, No. 13-8530, 2014 WL 252035 at * 4 (S.D. Fla. Jan. 7, 2014) ("This Court does not consider it appropriate to detain a Defendant under the Bail Reform Act solely because Defendant has an ICE detainer. Nonetheless, it is certainly an important factor for the Court to consider."); *United States v. Alverez-Lopez*, No. 14-CR-45-FTM-38CM, 2014 WL 2563646, at *4 (M.D. Fla. June 6, 2014) ("The Court considers the ICE detainer [under the Bail Reform Act] just as it would the Defendant's other characteristics.").

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by either regular U.S. mail or inter-office delivery.

                                                    **/s/Michael D. Porter**
                                                    Michael D. Porter
                                                    Assistant United States Attorney